UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUSSELL WAYNE SKAGGS, | ) |
| Petitioner, | ) |
| v. | ) No. 4:12CV220 SNLJ |
| STATE OF MISSOURI, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner's response to the order to show cause.[1]  Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit and that the instant action is subject to dismissal.

Although the record is far from clear, petitioner appears to be a state pretrial detainee, challenging his confinement at Fulton State Hospital, pursuant to 28 U.S.C. § 2241.  In this action, as well as several others currently before this

---

[1]On February 23, 2012, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus. .

Court,[2] petitioner appears to be seeking an order requiring his release from Fulton, as well as a mandate that his speedy trial rights have been violated.

Under 28 U.S.C. § 2241(c)(3), federal courts have jurisdiction over pretrial habeas petitions. Neville v. Cavanaugh, 611 F.2d 673, 675 (7th Cir. 1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pretrial habeas relief." Id. Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted his available state remedies. Id.

In the February 23, 2012 Memorandum and Order, petitioner was ordered to show cause why his petition should not be dismissed for failure to articulate the special circumstances necessary to justify federal habeas corpus relief. In his petition for relief, petitioner asserted that his speedy trial rights were being

---

[2]Petitioner recently filed an application for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his speedy trial rights had been violated by his admission to a state psychiatric facility for pretrial evaluation. See Skaggs v. Wood, 4:11CV2220 HEA (E.D. Mo.). The Court denied petitioner's request for habeas corpus relief, finding that the grounds raised by petitioner did not constitute the "special circumstances" required for a finding that he had exhausted his available state remedies. Petitioner is also seeking relief in two other cases currently before the District Court on grounds similar to those articulated in the current case. See Skaggs v. Wood, 4:11CV2190 SNLJ (E.D. Mo) and Skaggs v. State of Missouri, 4:12CV176 JAR (E.D. Mo.). Also pending before this Court is an action by petitioner concerning his "child support arrearage." See Skaggs v. State of Missouri, 4:12CV203 RWS (E.D. Mo.).

impeded by a State Circuit Court Order requiring him to undergo a mental evaluation at Fulton State Hospital.

In the order to show cause, petitioner was asked to identify the circumstances under which the mental evaluation was proposed, whether it was requested by him or his attorney, or by the Court in conjunction with some affirmative process such as a determination of competency to represent oneself. See Dickey v. Florida, 398 U.S. 30, 47 (1970) (noting that when a petitioner has or shares some responsibility in the delay he may not be entitled to the speedy trial safeguard); see also, State v. Coons, 886 S.W.2d 699 (Mo. Ct. App. 1994) (noting that time attributable to defendant's requests for change of judge and venue, for mental evaluation and for continuances was excludable from calculation of speedy trial time period). Petitioner was also asked to discuss the length of the mental evaluation and the purported prejudice it has caused. See Barker v. Wingo, 407 U.S. 514, 530 (1972) (instructing the court to assess four factors when determining whether a petitioner has been deprived of his right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the criminal defendant).

Additionally, in the February 23, 2012 Memorandum and Order, petitioner was also asked to provide this Court with more information concerning the state

habeas corpus action he alleges he filed with the Circuit Court relating to his mental evaluation and request for speedy trial, regarding when it was filed and how long it has been pending.  The Court additionally inquired as to whether petitioner had sought to compel performance relative to his state habeas petition by filing a writ of mandamus, or if he had filed any additional motions relating to his constitutional challenges in his pending criminal action.

Petitioner's response to show cause is completely devoid of any allegations relating to any "special circumstances" that would warrant this Court's intrusion into a purely state court matter without petitioner first availing himself of his state court remedies.  In fact, petitioner's response is completely devoid of facts relative to his requests for speedy trial and his attempts to pursue his constitutional rights.

In his response to show cause, petitioner asserts that he is engaged in a disagreement with an individual named Dwayne Hackworth who is "aggressively pursuing an easement on land through the Missouri adverse possession law." Petitioner further asserts that he has been subjected to "electronic assault," and he claims that "without consideration, the doctors and officials want to declare [him] incompetent, when in fact the technology is readily available."  Petitioner states that he is being forcibly medicated, and he requests "this appeal with all respect to the court for the consideration of civil rights and the risk involved by incompetent

to stand trial as recognized by Chapter Eight Section 8(1)(b) describing the events of this case and attempting to mention the focus on adverse possession laws of Missouri."

Under the aforementioned circumstances, the Court finds that petitioner has available state procedures that he must exhaust prior to invoking federal habeas jurisdiction. Accordingly, the Court will dismiss this action, without prejudice, so that petitioner can pursue his state court remedies prior to bringing these matters to the federal courts.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of April, 2012.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE